**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

KATHLEEN M. DORSETT,

Petitioner,

v.

ERICA STEM, *et al.*,

Respondents.

Civil Action No. 23-17517 (MAS)

**OPINION**

**SHIPP, District Judge**

This matter comes before the Court on Respondents' motion to dismiss Petitioner's habeas petition as untimely (ECF No. 4.) Petitioner filed a response to the motion (ECF No. 7), to which Respondents replied (ECF No. 8). For the following reasons, the Court grants Respondents' motion and dismisses Petitioner's habeas petition as time barred. In addition, the Court denies Petitioner a certificate of appealability.

## I. BACKGROUND

In May 2013, Petitioner pled guilty to murder, conspiracy to desecrate human remains, and attempted murder in the Superior Court of New Jersey. (*See* ECF No. 4-14 at 2.) Petitioner was sentenced to an aggregate fifty-eight year prison term on August 8, 2013. (*Id.* at 3.) Petitioner appealed her sentence, but it was upheld by the Appellate Division on April 7, 2014. (ECF No. 4-4.) Petitioner did not file a petition for certification in the state courts. (ECF No. 4-14 at 3.)

On July 24, 2014, Petitioner filed a first petition for post-conviction relief. (ECF No. 4-22 at 4.) That petition, however, was dismissed without prejudice by the state trial court on January

23, 2015. (*See* ECF No. 4-6.) Petitioner refiled her petition on June 18, 2015. (ECF No. 4-7.) That petition, however, was once again dismissed without prejudice on September 18, 2015. (ECF No. 4-8.) Petitioner refiled her petition again on September 21, 2015. (ECF No. 4-9.) The PCR trial court denied Petitioner's PCR petition on July 19, 2016. (ECF No. 4-10.)

Petitioner did not timely appeal. Instead, she filed a late notice of appeal on September 23, 2016. (ECF No. 4-11.) Petitioner also filed a motion to have her late notice of appeal treated as if filed within time. (ECF No. 4-12.) The Appellate Division granted that motion and accepted Petitioner's appeal by way of an order issued on October 13, 2016. (*Id.*) While she sought to appeal, Petitioner also filed a prospective second PCR petition on September 23, 2016, which was ultimately dismissed as premature on June 16, 2017. (ECF No. 4-13.) The Appellate Division thereafter affirmed the denial of Petitioner's first PCR petition on June 7, 2018. (ECF No. 4-14.) Petitioner filed a petition for certification, which was denied by the New Jersey Supreme Court on December 13, 2018. (ECF No. 4-15.)

On March 8, 2019, Petitioner refiled her second PCR petition, which was dated March 4, 2019. (ECF No. 4-16). The state court accepted that petition as properly filed. (ECF No. 4-17.) The trial level PCR court, however, denied that petition on August 12, 2020. (ECF No. 4-18.) Petitioner did not timely appeal and instead filed a late notice of appeal on March 8, 2021. (ECF No. 4-19.) She filed an amended notice of appeal on March 26, 2021. (ECF No. 4-20.) Petitioner also filed a motion seeking to have her appeal considered as filed within time, which was granted by the Appellate Division on April 15, 2021. (ECF No. 4-21.) The Appellate Division affirmed the denial of Petitioner's second PCR petition on September 14, 2022. (ECF No. 4-22.) The New Jersey Supreme Court denied certification on June 13, 2023. (ECF No. 4-23.) Petitioner filed her current habeas petition on August 29, 2023. (ECF No. 1.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 2254(a), the district court "shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody pursuant to the judgment of a State court only on the ground that [s]he is in custody in violation of the Constitution or laws or treaties of the United States." A habeas petitioner has the burden of establishing her entitlement to relief for each claim presented in her petition based upon the record that was before the state courts. *See Eley v. Erickson*, 712 F.3d 837, 846-47 (3d Cir. 2013). Under the statute, as amended by the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244 ("AEDPA"), district courts are required to give great deference to the determinations of the state courts. *See Renico v. Lett*, 559 U.S. 766, 772-73 (2010).

Where a claim has been adjudicated on the merits by the state courts, the district court shall not grant an application for a writ of habeas corpus unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). Federal law is clearly established for these purposes where it is expressed in "only the holdings, as opposed to the dicta" of the opinions of the United States Supreme Court. *See Woods v. Donald*, 575 U.S. 312, 316 (2015).

## III. DISCUSSION

Respondents argue that Petitioner's habeas petition should be dismissed with prejudice as untimely filed. Petitions for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 are subject to a one-year statute of limitations. In such cases, the limitations period begins to run when the petitioner's conviction becomes final upon either the conclusion of direct review or the

expiration of the time for seeking such review, up to and including the 90-day period for the filing of a certiorari petition to the United States Supreme Court. *See Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 (3d Cir. 2013); *see also* 28 U.S.C. § 2244(d)(1)(A). Because Petitioner did not file a petition for certification on direct appeal, her conviction became final when the twenty-day period for filing a notice of petition for certification expired under state law, which in Petitioner's case was April 27, 2014. *See* N.J. Ct. R. 2:12-3 (requiring notice of petition for certification within twenty days of Appellate Division's judgment). Petitioner's one-year statute of limitations period thus began to run on April 28, 2014, and would have expired by April 28, 2015, absent some basis for tolling of the habeas limitations period.

The one-year habeas limitations period is subject to statutory tolling during any period where a "properly filed" petition for post-conviction relief is pending before the state courts. *Jenkins*, 705 F.3d at 85. A post-conviction relief petition, however, ceases to be "pending" before the state courts once the time for filing a timely appeal expires following an adverse trial-level decision. *See Evans v. Chavis*, 546 U.S. 189, 197 (2006); *Swartz v. Meyers*, 204 F.3d 417, 420-24, 423 n.6 (3d Cir. 2000); *Thompson v. Admin N.J. State Prison*, 701 F. App'x 118, 121-23 (3d Cir. 2017). Additionally, a PCR appeal will not be considered "pending" after this time expires until the petitioner actually files such an appeal. *See id.* Under the New Jersey court rules, a direct appeal from the denial of a PCR petition must be filed within forty-five days of the denial of the petition. N.J. Ct. R. 2:4-1.

In this matter, 87 days of the one-year limitations period expired between the date on which Petitioner's conviction became final and the date on which she filed her PCR petition on July 24,

2014.[1] Her Petition thereafter ceased to be pending when it was dismissed without prejudice on January 23, 2015. A further 146 days expired between that dismissal and the date on which Petitioner refiled her petition on June 18, 2015. Petitioner's PCR petition again ceased to be pending when it was dismissed without prejudice on September 18, 2015, and three further days elapsed before she refiled it a final time on September 21, 2015. Petitioner's PCR petition remained pending until she failed to file a timely appeal on September 2, 2016, forty-five days after her petition was denied. Another 21 days of the limitations period elapsed before she filed her late appeal and her motion to have the appeal considered timely filed on September 23, 2016. Her first PCR petition thereafter remained pending until certification was ultimately denied on December 13, 2018. That Petitioner filed a premature second petition does not affect her habeas timeline because it was filed at the same time as the motion to appeal within time and was dismissed as premature before the appeal of the first PCR petition concluded. Thus, between the conclusion of direct review and the conclusion of the first PCR petition, a total of 257 days of the 365-day limitation period expired.

Following the conclusion of the first PCR appeal, 85 further days elapsed before Petitioner refiled her second PCR petition on March 8, 2019. That second PCR petition remained pending until September 26, 2020, when she failed to file a timely appeal within forty-five days of the denial of her second PCR petition. A further 163 days elapsed before Petitioner filed her late notice of appeal and sought to have it considered filed within time on or after March 8, 2021. The

[1] Petitioner argues in her responsive brief that this Court should consider her PCR petition to have been filed in April 2014, the date she wrote on the petition, rather than July 24, 2014, the date which the state courts, including the Appellate Division, determined her petition was filed. Because the question of when a PCR petition is properly filed is a question of state law, and the state courts, including the Appellate Division, determined the petition was properly filed on July 24, 2014, (*see* ECF No. 4-22 at 4), the state court's decision controls and this Court cannot second guess that date or import into state law the federal prisoner mailbox rule. *See Jenkins*, 705 F.3d at 85-86 (finding state court determinations as to timing of proper filing are "the end of the matter").

second PCR appeal remained pending until the denial of certification on June 13, 2023. Following the conclusion of the second PCR appeal, a final 77 days elapsed before Petitioner handed her habeas petition over to be filed on August 29, 2023. Thus, a grand total of 582 days not subject to statutory tolling expired before the filing of this habeas matter. Absent a basis for *at least* 217 days of equitable tolling, Petitioner's habeas petition thus appears to be well and truly time barred.

Although the habeas limitations period is subject to equitable tolling under extraordinary circumstances, such tolling should be granted sparingly. *See Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011); *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008). To receive the benefit of such tolling, a petitioner must show "(1) that [s]he faced 'extraordinary circumstances that stood in the way of timely filing,' and (2) that [s]he exercised reasonable diligence." *Pabon*, 654 F.3d at 399. Petitioner presents several arguments for tolling.

First, Petitioner argues that the Court should excuse the time that elapsed between the dismissal of her first PCR petition without prejudice in January 2015 and its final acceptance in September 2015 as she believes the state PCR court erred in finding her initial PCR petition procedurally faulty. This Court, however, is not at liberty to second guess the state courts' determinations as to their own procedural rulings, nor can this Court ignore a state court's determination that a state PCR petition was not properly filed. *Jenkins*, 705 F.3d at 85-86. This Court is bound by the state courts' procedural rulings as to whether Petitioner's PCR petition was properly filed, and when it was filed, and cannot toll Petitioner's limitations period based solely on Petitioner's disagreement with the state court's procedural rulings.

Petitioner next argues that she should be excused for the late filing of her PCR appeal as her appointed attorney was at fault for that time. An attorney's failings short of effective abandonment, such as garden-variety mistakes and late filings, are not a basis for equitable tolling. *Jenkins*, 705 F.3d at 89 n.16; *see also Holland v. Florida*, 560 U.S. 631, 651-52 (2010).

Petitioner next argues that this Court should excuse the time between the conclusion of her first PCR appeal and the refiling of her second PCR petition because Petitioner believes the state court rules' timing requirements are unfairly strict and onerous for second or successive petitions. The problem with Petitioner's argument is twofold. First, this Court has no authority to change or second guess state court procedural rules. Second, Petitioner's argument is self-defeating in that Petitioner contends she should be excused because she had to file her second PCR petition prematurely and then thereafter refile it. That argument, however, suggests that Petitioner should have been prepared to refile her second petition upon the conclusion of the first appeal, which suggests it should not have taken her eighty-one days to refile it. In any event, this argument presents no basis for equitable tolling.

Petitioner also argues that she should receive tolling because the state court rules permit a second PCR petition to be filed outside of the normal time window if initially timely filed, then dismissed as premature, and then refiled within ninety days of the conclusion of the appeal of a first PCR petition. *See* N.J. Ct. R. 3:22-12(c)(3). That rule affects only the timeliness of a refiled second PCR petition and it has no bearing on federal tolling. Additionally, that rule has already provided Petitioner a period statutory tolling because it made Petitioner's refiled second PCR petition timely. The rule, however, does not provide a further basis for equitable tolling.

In her final argument, Petitioner again asserts that she should be excused for the Public Defender's failure to file a timely PCR appeal in her second PCR proceedings. This argument fails for the same reason as the first. It amounts to no more than garden variety excusable neglect. *Holland*, 560 U.S. at 651-52; *Jenkins*, 705 F.3d at 89 n.16. Seeking to avoid this, Petitioner contends, without much elaboration, that the delay in filing may also have been related to COVID-19 as some court proceedings were delayed during the period in question between September 2020 and March 2021. Petitioner does not argue, however, that COVID-19 related

closures *actually* affected the timeliness of her appeal, and instead seeks to *presume* that such closures must have been involved. Petitioner does not show that the COVID-19 pandemic, which may have served as an extraordinary circumstance during the spring and summer 2020 lockdowns, actually served as an extraordinary circumstance during the period in question in late 2020 and early 2021. Even if this Court *assumed*, as Petitioner does, that COVID-19 could serve as an excuse for the full period between September 2020 and March 2021, however, it would be of no help to Petitioner. Her habeas petition would still remain time barred by fifty-four days even if this Court excused this 163-day delay. Petitioner's arguments thus do not provide a basis for sufficient tolling to render her habeas petition timely and Petitioner's habeas petition must be dismissed with prejudice as time barred. Respondents' motion (ECF No. 4) is therefore granted.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of her state court conviction unless she has "made a substantial showing of the denial of a constitutional right." "[A petitioner] satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of [her] constitutional claims or that jurists could conclude [that] the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [Certificate of Appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists could not dispute this Court's conclusion that Petitioner's Petition was untimely filed and that Petitioner has failed to show any basis for tolling sufficient to

evade the time bar, Petitioner has failed to make a substantial showing of the denial of a constitutional right, and she is therefore denied a certificate of appealability.

## V. CONCLUSION

In conclusion, Respondents' motion to dismiss (ECF No. 4) is **GRANTED**, Petitioner's Petition (ECF No. 1) is **DISMISSED WITH PREJUDICE** as time barred, and Petitioner is **DENIED** a certificate of appealability. An appropriate order follows.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE